# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **TERRI LEE NICHOLS,** individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff,* | **CLASS ACTION** |
| v. | **DEMAND FOR JURY TRIAL** |
| **HOLADOCTOR, INC.** | |
| *Defendant.* | |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Terri Lee Nichols ("Plaintiff" or "Nichols") brings this Class Action Complaint and Demand for Jury Trial against Defendant HolaDoctor, Inc., ("Defendant" or "HolaDoctor") and alleges as follows:

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry

stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      Ms. Nichols brings this action to enforce the consumer-privacy provisions of the TCPA alleging that HolaDoctor violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent.

4.      Ms. Nichols also alleges that HolaDoctor uses automated systems to make telemarketing calls from Florida, and that by doing so, HolaDoctor has violated the provisions of the Florida Telephone Solicitations Act, Fla. Sta § 501.059.

5.      The recipients of HolaDoctor's illegal calls, which include Plaintiff and the proposed class, are entitled to damages and because the technology used by HolaDoctor makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

2

## PARTIES

6. Plaintiff Terri Lee Nichols is an individual.

7. Defendant HolaDoctor, Inc. is a Georgia corporation with a principal place of business in Doral, FL.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. The Court has supplemental jurisdiction over the Florida Telephone Solicitations Act claims, as they arise out of the same telemarketing campaign as the TCPA claims.

9. This Court has specific personal jurisdiction over HolaDoctor because the company makes telemarketing calls from this District.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the telephone calls at issue were from this District and Defendant resides here.

## BACKGROUND

<u>The Florida Telephone Solicitations Act</u>

11. The FTSA, Fla. Stat. § 501.059 was amended by Senate Bill No. 1120 on July 1, 2021.

12. It is a violation of the FTSA to "make or cause to be made any unsolicited telephonic sales call to any residential, mobile, or telephonic paging device telephone number if the number for that telephone appears in the then-current quarterly listing published by the department." This includes to a number listed on the National Do Not Call Registry. Fla. Stat. § 501.059(4)

13. It is also a violation of the FTSA to "initiate an outbound telephone call, text message, or voicemail transmission to a consumer, business, or donor or potential donor who has

3

previously communicated to the telephone solicitor or other person that he or she does not wish to receive an outbound telephone call, text message, or voicemail transmission." Fla. Stat. § 501.059(5)

14. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

15. Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

### The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.

16. The TCPA prohibits the making of more than one call within any 12-month period to a residential telephone number not used for business that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

17. The National Do Not Call Registry allows consumers to register their residential telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2)

18. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*

19. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to people who have registered their residential numbers on the Registry and provide

a private right of action against any entity that makes those calls or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## COMMON ALLEGATIONS

20. Defendant HolaDoctor offers health insurance services for GoHealth, an insurance marketplace company

21. To promote its services, Defendant HolaDoctor sends automated calls to hundreds if not thousands of consumers across the U.S., including to consumers whose phone numbers are listed on the National Do Not Call List.

## PLAINTIFF'S ALLEGATIONS

22. Plaintiff Nichols is the subscriber and the sole user of the phone number 757-xxx-3765.

23. Plaintiff Nichols registered her phone number on the Do Not Call Registry on March 30, 2022.

24. Nonetheless, the Defendant contacted the Plaintiff on June 10, 16 (twice) and 17, 2022.

25. All of the calls were sent by an automated call system, as evidenced by the fact that the Plaintiff heard a distinct click and pause after picking up the phone and an elongated delay prior to hearing a response from the call recipient after she said "hello".

26. Moreover, most of the calls were "spoofed" with Caller IDs to make it appear that the calls were local, despite the fact that they were not.

27. In order to "spoof" a Caller ID, automated equipment is required.

28. During the first three calls, the Defendant identified itself as calling about Medicare coverage and inquired if the Plaintiff was interested.

29. The Plaintiff terminated the calls because she was not interested.

30. On the fourth call, the Plaintiff answered and the Defendant asked if she would be interested in health insurance, making similar inquiries that they did on the first three calls.

31. On this call, the Defendant transferred the Plaintiff to "Kylie" at GoHealth, who continued the solicitation.

32. The unauthorized telephonic sales calls that Plaintiff received from Defendant, as alleged herein, have harmed the Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware and the consumption of memory on the phone.

33. Seeking redress for these injuries, Plaintiff Nichols, on behalf of herself and Classes of similarly situated individuals, bring suit under the FTSA.

## CLASS ALLEGATIONS

34. Plaintiff Nichols seeks certification of the following Classes:

**Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

**Autodial Class:** All persons in the United States who (1) received a telephonic sales call from Defendant, (2) using the same equipment or type of equipment utilized to call Plaintiff (3) since July 1, 2021.

35. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion

from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or released. Plaintiff Nichols anticipates the need to amend the Class definitions following appropriate discovery.

36. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

37. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Classes include, but are not necessarily limited to the following:

   (a)   Whether Defendant's conduct violated the FTSA or TCPA; and

   (b)   whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

38. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. The Plaintiff has no interests antagonistic to those of the Classes, and Defendant have no defenses unique to the Plaintiff. The Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither the Plaintiff nor her counsel have any interest adverse to the Classes.

39. **Appropriateness**: This class action is also appropriate for certification because the Defendant have acted or refused to act on grounds generally applicable to the Classes and as wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief

appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Nichols. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## COUNT I
### Violation of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059
### On Behalf of Plaintiff and the Autodial Class

42. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 41 as if fully set forth herein.

43. Plaintiff brings this claim individually and on behalf of the Autodial Class Members against Defendant.

44. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

45. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

46. Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

47. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

48. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

49. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## COUNT II
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

50. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 41 as if fully set forth herein.

51. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

52. The Defendant's violations were negligent, willful, or knowing.

53. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

54. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry in the future or using an autodialer;

B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA or FTSA and $1,500 for each knowing or willful violation;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff are a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

D. Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Nichols requests a jury trial.

Dated: November 28, 2022              PLAINTIFF, on behalf of herself
                                                      and others similarly situated,

                                                      */s/ Avi R. Kaufman*
                                                      Avi R. Kaufman (FL Bar no. 84382)
                                                      kaufman@kaufmanpa.com
                                                      Rachel E. Kaufman (FL Bar no. 87406)
                                                      rachel@kaufmanpa.com
                                                      KAUFMAN P.A.
                                                      237 S. Dixie Hwy, 4th Floor
                                                      Coral Gables, FL 33133
                                                      Telephone: (305) 469-5881